IN RE ESTATE OF FRITZ NEBEL.
L. C. PEISIGER, APPELLEE, V. GEORGE DAVIS, APPELLANT.

FILED JUNE 23, 1921.          No. 21372.

Appeal: HARMLESS ERROR. "A judgment will not be reversed on appeal, when it clearly appears that the alleged error complained of does not affect the substantial rights of the complaining party." *State v. Quimby,* 104 Neb. 590.

APPEAL from the district court for Webster county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Stewart, Perry & Stewart* and *L. H. Blackledge,* for appellant.

*Bernard McNeny* and *A. M. Walters, contra.*

Heard before MORRISSEY, C.J., DAY, FLANSBURG and ROSE, JJ.

MORRISSEY, C. J.

Fritz Nebel, an aged and illiterate man, died at Blue Hill, Nebraska, March 2, 1919. Two days prior to his death he executed a last will and testament, devising and bequeathing his estate to certain creditors, friends, and relatives, creating certain trusts, and appointing L. C. Peisiger executor. Appellant contested the probate of the will. The issues raised on the contest were submitted to a jury, who returned a verdict in favor of proponent, and from the judgment entered thereon contestant appeals.

Contestant denied that the instrument offered for probate was the last will and testament of Fritz Nebel; alleged that at the time the purported will was executed Nebel was not of sound and disposing mind; and that "said Fritz Nebel at the time of his decease was bound by the terms of an oral agreement between him and his mother, Mrs. Niemeyer, and the said George Davis for the benefit of said George Davis, and which had been fully performed and carried out by all the parties except said

Fritz Nebel, to wit: That the said George Davis, whose correct name is Wylie Thomas Davis, and Tennessee Davis, his sister, were the children of Benjamin and Rebecca Davis, and in the year 1870 were of about the age of seven and five years, respectively, and were not related by blood to the said Fritz Nebel; that the said Rebecca Davis had previously died; that the mother of said Fritz Nebel had married as her second husband Henry Niemeyer, who was not related by blood to said Fritz Nebel; that the said Henry Niemeyer and his wife and her son, said Fritz Nebel, constituted one family, and resided in the state of Illinois, and desired to adopt the said George and Tennessee Davis and to make them their children and heirs; that thereupon it was agreed between the said Henry Niemeyer and his wife and Fritz Nebel, on the one part, and Benjamin R. Davis, father of said George and Tennessee Davis, on the other part, that said Niemeyers and Nebel would take the said George and Tennessee Davis and make them their childrn and heirs and treat them as such, if the said children should continue to live with them until they reached their majority, and the said Benjamin R. Davis agreed to surrender to said other parties possession, care and custody of the said George and Tennessee Davis; that thereupon the said agreement was performed and said Henry Niemeyer and his wife and said Fritz Nebel took said children and said Benjamin R. Davis surrendered them, and thereafter the said George and Tennessee Davis continued to reside with and obey and serve until their majority the said Henry Niemeyer and his wife and said Fritz Nebel; that the said Fritz Nebel during all of said time had a part in the making of the said agreement and the carrying out of the same; that the said Henry Niemeyer died about the year 1890, at which time and for several years prior to his death he had by sickness and disability been unable to participate in the caring for the said children and the same was continued by the said Fritz Nebel and his mother; that in the meantime Fritz Nebel had acquired

by homestead entry and compliance with the homestead laws of the United States land which he owned at the time of his death, to wit, the southeast quarter of section twenty-eight, township four, range ten, Webster county, Nebraska, and agreed that, upon the said George and Tennessee Davis remaining with him until their majority, he made them his heirs and that they or the survivor of them living at his death should take and inherit said land; that in the further carrying out and compliance of said agreement said Fritz Nebel married the said Tennessee Davis, and she remained his wife until her death in the year 1910, leaving no issue surviving her, and the said George Davis remained with and served the said Fritz Nebel until his marriage and at divers times thereafter, and it was always agreed and understood between the said Fritz Nebel and said George Davis after the death of said Tennessee Nebel that the said George Davis was the sole remaining heir and was entitled to and should receive the land upon the death of said Fritz Nebel."

The evidence offered on the main trial is not preserved or presented in a bill of exceptions.

Appellant in his brief says: "It is of the proceedings after the submission of the case to the jury and on the motion for a new trial that particular complaint is made on this appeal." It is claimed, on this appeal, that after the jury retired to deliberate on a verdict it procured, through the agency of the bailiff, certain law books which it is alleged they read and considered in reaching a verdict. Objection is also made to supplemental instructions given to the jury, which instructions it is claimed coerced the jury into reaching its verdict.

These questions were presented to the court on the motion for a new trial, and a bill of exceptions on that branch of the case is presented. However, we do not deem it necessary to discuss or consider the questions presented. Section 7713, Rev. St. 1913, provides: "The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not

affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." In the instant case it appears upon the face of the record that the admission to probate of the will does not affect the substantial rights of appellant. If he has any rights under the contract set up in his answer, it is a right that must be asserted in a court of equity, and the admission of the will to probate in no way affects his rights under his alleged contract.

No error appearing prejudicial to the rights of the appellant, the judgment is

AFFIRMED.